**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1286-18T1

HARMEET SINGH,

    Plaintiff-Appellant,

v.

TRAVIS QUENTIN LADAY
and ON TIME ELITE, LLC,

    Defendants-Respondents.

_____

Submitted October 23, 2019 — Decided  November 20, 2019

Before Judges Gooden Brown and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. SC-001374-18.

Harmeet Singh, appellant pro se.

Respondents have not filed briefs.

PER CURIAM

    Plaintiff Harmeet Singh appeals from the October 19, 2018 Special Civil

Part judgment following a bench trial, dismissing his complaint with prejudice

and finding no liability on the part of Travis Quentin Laday and On Time Elite, LLC (OTE) (collectively, defendants) in connection with property damage sustained in a motor vehicle accident. We affirm.

After defendants' insurance company denied the claim, plaintiff filed a negligence complaint alleging defendants caused a motor vehicle accident on August 13, 2018, at the intersection of Jackson Street and Observer Highway in Hoboken, resulting in $2500 worth of property damage to his vehicle. The proofs adduced at the trial showed that at approximately 7:30 p.m. on the date in question, plaintiff was driving a 2003 Volkswagen Jetta and Laday was operating "a big mobile home bus" owned by OTE on Jackson Street, a one-way two-lane roadway. Plaintiff testified he was "stopped at the traffic light" in "the right lane" while "[Laday] was in the left lane." According to plaintiff, when the light changed and he was "about to go," Laday "struck" his vehicle. Plaintiff testified he was still stationary when the collision occurred. Plaintiff explained that "[t]he bus' right front corner" struck "the driver's side" of his vehicle. Plaintiff submitted a photograph of his vehicle, showing "damage to the driver's side front door area underneath . . . the handle" and "scratches on the rear door[,]" the police report documenting the accident, and a repair estimate totaling $2482.94.

Laday gave an entirely different account of the accident. Laday testified he was stopped at the traffic light waiting to "mak[e] a left turn" from Jackson Street onto Observer Highway. Acknowledging that Jackson Street was "small," he admitted he "straddle[d] both lanes" on Jackson Street in order to "make that turn." According to Laday, because of the way "[he] was positioned at the light[,] . . . no cars could come around." However, "[plaintiff] squeezed around [him] some kind of way and got on the side of [his] bus." Laday stated in plaintiff's attempt to "c[o]me around [him]," plaintiff's vehicle collided with the bus. Laday denied hitting plaintiff's vehicle, explaining that "[he] wasn't moving" when he heard the collision. OTE's owner also testified that although he was not present when the accident occurred, the damage depicted in plaintiff's photograph was not consistent with the bus striking plaintiff's vehicle. Plaintiff countered "it was . . . a very small dent" and "not a heavy impact" because Laday "was not driving really fast."

At the conclusion of the trial, the judge determined plaintiff did not "sustain[] his burden of proof" to show "by a preponderance of the evidence" that "he was struck by . . . defendant[s'] bus." Acknowledging the "conflicting testimony," the judge found "[Laday's] version of the accident . . . slightly more credible or believable just because . . . he would not be able to fit in one lane"

A-1286-18T1

driving that type of bus.[1] Instead, the judge credited Laday's version that he was "straddling both lanes, . . . stopped[,] waiting for the light to change, and that it was . . . plaintiff who was trying to perhaps get around" to "make that right [turn]" and struck the bus. The judge added that the photograph of plaintiff's vehicle also supported "[Laday's] version of the accident because the damage is very minor" and "more in line with . . . a scraping." The judge explained that given its size, had the bus struck plaintiff's vehicle as plaintiff claimed, it "would have caused more damage" than depicted in the photograph "even at a slow rate [of speed]." Finding "no liability[,]" the judge entered "[j]udgment in favor of defendant[s]." This appeal followed.

On appeal, plaintiff argues "[t]he trial court's ruling is flawed, grossly absurd and legally incorrect." According to plaintiff, "[t]he trial court erred in dismissing [his] complaint as [a] matter of law" because Laday "had the duty and obligation" to obey N.J.S.A. 39:4-88(b), prohibiting unsafe lane changes, which he violated when he "straddl[ed] two lanes," "creating a road hazard that

---

[1] During the trial, the judge sua sponte obtained a "Google Maps" image, depicting the intersection in question, in order to assess "the size of the street." N.J.R.E. 101(a)(2)(A) permits the relaxation of the rules of evidence in the Special Civil Part "to admit relevant and trustworthy evidence in the interest of justice[.]"

led to the accident." Further, plaintiff contends "defendants' version simply doe[s not] represent the facts." We disagree.

"Final determinations made by the trial court sitting in a non-jury case are subject to a limited and well-established scope of review . . . ." Seidman v. Clifton Sav. Bank, 205 N.J. 150, 169 (2011). "The general rule is that findings [of fact] by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998) (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). "Deference is especially appropriate when the evidence is largely testimonial and involves questions of credibility. Because a trial court hears the case, sees and observes the witnesses, and hears them testify, it has a better perspective than a reviewing court in evaluating the veracity of witnesses." Id. at 412 (brackets omitted) (citations and internal quotation marks omitted). "Therefore, an appellate court should not disturb the 'factual findings and legal conclusions of the trial judge unless [it is] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Ibid. (alteration in original) (quoting Rova Farms, 65 N.J. at 484). In contrast, a trial judge's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any

A-1286-18T1

special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) (citations omitted).

Informed by the relevant standard of review, we turn to the substantive principles governing this appeal. "To sustain a cause of action for negligence, a plaintiff must establish four elements: '(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.'" Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Polzo v. Cty. of Essex, 196 N.J. 569, 584 (2008)). A plaintiff bears the burden of establishing these elements "by a preponderance of the evidence." Id. at 52.

"To act non-negligently is to take reasonable precautions to prevent the occurrence of foreseeable harm to others." Weinberg v. Dinger, 106 N.J. 469, 484 (1987) (explaining that "[w]hat precautions are 'reasonable' depends upon the risk of harm involved and the practicability of preventing it") (citations omitted). "We ordinarily evaluate a defendant's conduct on the basis of what a 'prudent man' would have done in defendant's circumstances." Ibid. (citations omitted). Here, plaintiff essentially asserts Laday had a duty under N.J.S.A. 39:4-88(b) to maintain his vehicle in a single lane, and, by straddling two lanes, he breached that duty and exposed plaintiff to a risk of harm.

N.J.S.A. 39:4-88(b) provides, in pertinent part:

When a roadway has been divided into clearly marked lanes for traffic, drivers of vehicles shall obey the following regulations: . . . A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver has first ascertained that the movement can be made with safety.

In State v. Regis, 208 N.J. 439 (2011), our Supreme Court held that "a driver would not violate the statute even by allowing a vehicle to straddle two lanes or swerve back and forth over the lines defining traffic lanes, unless that conduct created a safety issue." Id. at 450 (citing State v. Lewis, 185 N.J. 363, 369 (2005)).

Even if we accepted plaintiff's assertion regarding the first two elements, the proximate cause element of a negligence claim requires that plaintiff do more than demonstrate that Laday owed a duty of care to plaintiff, and that he breached that duty by straddling two lanes. "Proximate cause consists of 'any cause which in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the result complained of and without which the result would not have occurred.'" Townsend, 221 N.J. at 51 (quoting Conklin v. Hannoch Weisman, 145 N.J. 395, 418 (1996)).

Thus, plaintiff must also prove by a preponderance of the evidence that Laday's alleged negligence was the proximate cause of the accident and resulting

property damage. However, as the judge found, it was plaintiff who struck Laday's bus when he attempted to "get around" to make the right turn. Indeed, at the time of impact, Laday's bus was stationary. Because the judge's fact and credibility findings could reasonably have been reached on "sufficient" or "substantial" credible evidence present in the record, they are binding on appeal, and we discern no basis to disturb them. Cesare, 154 N.J. at 411-12.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION